IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 11 |
| RIVERHOUNDS EVENT CENTER, L.P., ) | |
| ) | Bankr. No. 14-21180-JAD |
| Debtor. ) | |
| ) | |
| DAVID M. WILKE; ) | Doc. No. ___ |
| GREENTREE SPORTSPLEX, LP; ) | |
| WILKE & ASSOCIATES, LLP; and ) | Related to Doc No. 122 |
| DW & BW, INC., ) | |
| ) | Hearing Date & Time: |
| Movants, ) | April 24, 2014 at 10:00 a.m. |
| ) | |
| v. ) | Response Deadline: |
| ) | April 23, 2014 |
| RIVERHOUNDS EVENT CENTER, L.P., ) | |
| ) | |
| Respondent. ) | |

**RESPONSE OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF RIVERHOUNDS EVENT CENTER,
L.P. TO THE MOTION TO APPOINT A CHAPTER 11 TRUSTEE**

AND NOW, comes the Official Committee of Unsecured Creditors of Riverhounds Event Center, L.P. (the "Committee") and files its Response (this "Response") to the Motion of David M. Wilke, Greentree Sportsplex, LP, Wilke & Associates, LLP, and DW & BW, Inc. (collectively, the "Wilke Parties") styled: *Motion to Appoint a Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(a)-(b)* [D.E. 122] (the "Motion"), as follows.

**GENERAL BACKGROUND**

1.      On March 26, 2014, Riverhounds Event Center, LP ("REC") and its affiliate Riverhounds Acquisition Group, L.P. ("RAG" and collectively with REC, the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

{C0358091.1 }

2. On April 16, 2014, the Wilke Parties filed the Motion seeking the appointment of a Chapter 11 Trustee in the REC case. The Wilke Parties filed a motion seeking similar relief in the RAG case on April 17, 2014.

3. On April 16, 2014, the Committee was appointed by the United States Trustee in the REC bankruptcy case. The United States Trustee did not appoint a committee in the RAG bankruptcy case.

## RESPONSE OF THE COMMITTEE

4. The Committee was appointed one week ago. The Committee along with its counsel have been diligently familiarizing themselves with the Debtors' business operations, their bankruptcy cases, and the facts and circumstances surrounding the Motion and the allegations made therein.

5. After reviewing the papers filed by the Wilke Parties, meeting with counsel for the Wilke Parties, the Debtors and Shallenberger Investments, Inc. (the "DIP Lender"), and considering other limited information it has in its possession, the Committee – at this time – does not believe that cause exists to appoint a Chapter 11 Trustee nor does the Committee believe that the appointment of a Chapter 11 Trustee is in the best interest of the creditors or other interested parties of the Debtors and requests that this Court immediately deny the Motion *without prejudice*.

A. **At this Point, No Cause Exists to Appoint Chapter 11 Trustee – Bankruptcy Code § 1104(a)**

6. Based upon the limited information and documents it has reviewed over the past week, the Committee does not believe – at this point – that cause exists to appoint a Chapter 11 Trustee under Bankruptcy Code § 1104(a). Specifically, while the Debtors may hold claims against Mr. Shallenberger and/or its affiliates and Mr. Shallenberger may wear multiple hats in

{C0358091.1}                                            2

these bankruptcy proceedings, the Committee believes that these concerns do not necessarily serve as "cause" under Bankruptcy Code § 1104(a) for the appointment of a Chapter 11 Trustee and are mitigated by virtue of the appointment of the Committee. Indeed, the Committee intends to investigate potential claims against all parties during the pendency of these cases, including the insiders, and demand (if appropriate) that the Debtors pursue such claims. If the Debtors fail or refuse to pursue such claims, the Committee will likely seek derivative standing to do so.[1] To that end, in the short week since the Committee's appointment, the Debtors and the DIP Lender have been open and cooperative with the Committee. Counsel for the Committee has met with the Debtors' and DIP Lender's respective counsel and the Debtors and DIP Lender have provided assurances that they will provide the documents and information requested by the Committee.

7. Additionally, if the Committee's investigation uncovers additional facts or circumstances which lend support for the appointment of a Chapter 11 Trustee or otherwise raise serious concerns, the Committee will bring any such facts to this Court's attention through its own motion to appoint a Chapter 11 Trustee or other appropriate pleading.

8. As such, and subject to its right to later seek the appointment of a Chapter 11 Trustee, the Committee asserts that the Court should refrain from appointing a Chapter 11 Trustee at this time and immediately deny the Motion without prejudice.

---

[1] The Committee recognizes that it has only been appointed in the REC case, but believes that any procedural issues related to the fact that there is no committee in the RAG case can be addressed at a later time. At this time, both Debtors and the DIP Lender have been cooperative with the Committee and have been willing to produce documents and information to the Committee necessary to investigate claims.

{C0358091.1}                                    3

### B. At this Point, Appointing a Chapter 11 Trustee is Not in the Best Interest of the Creditors – Bankruptcy Code § 1104(b)

9. The Committee also believes that the appointment of a Chapter 11 Trustee – at this time – is not in the best interest of the creditors or other parties in interest.

10. In particular, the Committee believes that should a Chapter 11 Trustee be appointed, the DIP Lender will no longer be willing to provide the necessary debtor-in-possession financing and the Debtors will likely be forced to cease operations and convert the Chapter 11 case to a case under Chapter 7 as there will no longer be sufficient funding for operations.[2] The Committee believes conversion of the case and/or ceasing operations is not in the best interest of the Debtors' creditors or parties-in-interest as it appears unlikely that a liquidation of the Debtors would result in any recovery to unsecured creditors.  Moreover, if the Debtors cease operations, the whole community of Western Pennsylvania would suffer as the Pittsburgh Riverhounds professional soccer team would likely disband and the currently scheduled and anticipated academies and camps that the Riverhounds' facility host would have to be cancelled (all of which would likely give rise to additional claims).

11. The Committee believes that the best result for all parties (including the Wilke Parties) at this point is for the Wilke Parties to voluntarily withdraw the Motion without prejudice (or the Court immediately deny the Motion without prejudice) and allow the Wilke Parties an opportunity to conduct a Rule 2004 examination of the Debtors to investigate their allegations.  If such examination uncovers conduct or other facts which support the appointment of a Chapter 11 Trustee, the Wilke Parties can refile the Motion at that time.

---

[2] Counsel for the Wilke Parties mentioned to counsel for the Committee that the Wilke Parties may be willing to provide the necessary DIP financing, but they have not yet provided any financing proposals related thereto.

{C0358091.1}                                                4

12. As such, the Committee requests that this Court immediately deny the Motion, without prejudice to the Wilke Parties refiling the Motion in the future.

### RESERVATION OF RIGHTS

13. As mentioned throughout this Response, while the Committee does not support the appointment of a Chapter 11 Trustee at this time, the Committee's position is based upon the limited information it has received to date. As such, the Committee reserves the right to seek the appointment of a Chapter 11 Trustee in the future, including in the event the Committee or Wilke Parties uncover new or additional facts and information which support the appointment of a Chapter 11 Trustee.

WHEREFORE, the Committee respectfully requests that the Court immediately deny the Motion, without prejudice.

Respectfully submitted,

Dated: April 23, 2014
Pittsburgh, Pennsylvania

By: /s/ Paul J. Cordaro
Paul J. Cordaro, Esq.
PA I.D. No. 85828
pjc@camlev.com
CAMPBELL & LEVINE, LLC
310 Grant Street, Suite 1700
Pittsburgh, PA 15219
Tel: (412) 261-0310
Facsimile: (412) 261-5066

*Proposed Counsel for the Official Committee of Unsecured Creditors of Riverhounds Event Center, L.P.*